**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 04-5077

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KAMAL MABREY,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Richard D. Bennett, District Judge.  (CR-
03-511-RDB)

_____

Submitted:  September 9, 2005      Decided:  October 20, 2005

_____

Before MICHAEL, KING, and GREGORY, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

James Wyda, Federal Public Defender, John H. Chun, Assistant
Federal Public Defender, Baltimore, Maryland, for Appellant.
Allen F. Loucks, United States Attorney, John F. Purcell, Jr.,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Kamal Mabrey pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000), and the district court sentenced him to 188 months of imprisonment, the bottom of the applicable Sentencing Guidelines range. The district court also announced an alternate sentence of 180 months, the statutory mandatory minimum sentence, if the Sentencing Guidelines were advisory only. On appeal, Mabrey asserts that the district court erred in classifying him as an armed career criminal under 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2005), that his sentence violates the Sixth Amendment because the predicate offenses used to enhance his sentence were neither submitted to a jury nor admitted by him, and that the court erred by sentencing him under a mandatory Sentencing Guidelines scheme. Mabrey does not challenge his conviction on appeal. We affirm Mabrey's conviction, vacate Mabrey's sentence, and remand for resentencing.[1]

Mabrey first asserts that the district court erred in concluding that his Maryland conviction for second-degree burglary qualified as a violent felony under § 924(e). "[I]n reviewing a district court's application of [§ 924(e)(1)], we review its legal determinations de novo and its factual findings for clear error."

---

[1]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Mabrey's sentencing.

<u>United States v. Wardrick</u>, 350 F.3d 446, 451 (4th Cir. 2003), <u>cert. denied</u>, 541 U.S. 966 (2004). We recently stated that determining whether a prior felony qualified as a violent felony under § 924(e) is a legal determination. <u>United States v. Thompson</u>, __ F.3d __, __, 2005 WL 2128957, at *1, *4 (4th Cir. Sept. 6, 2005) (No. 04-4678).

In <u>Taylor v. United States</u>, 495 U.S. 575 (1990), the Supreme Court held that a defendant "has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." <u>Id.</u> at 599. Generally, a sentencing court need only consider the fact of the prior conviction and the statutory definition of the prior offense to determine whether the prior offense was a burglary within the meaning of § 924(e)(2)(B)(ii). <u>Taylor</u>, 495 U.S. at 602. If, however, the statutory definition of the offense includes conduct which would not constitute burglary under § 924(e), such as unlawful entry into an automobile, a boat, or a vessel, the court may examine the indictment or information and the jury instructions to determine if the jury had to find all the elements of generic burglary to convict the defendant. <u>Id.</u> at 599, 602; <u>see</u> <u>Shepard v. United States</u>, 125 S. Ct. 1257, 1263 (2005) (holding that sentencing court cannot look to police reports or complaint

applications to determine whether prior offense is generic burglary but may "examin[e] the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" or "some comparable judicial record of this information").

Here, second-degree burglary in Maryland has as elements the unprivileged entry into a building for the purpose of committing a crime. See Md. Ann. Code art. 27, § 30 (2000) (prohibiting "break[ing] and enter[ing] the storehouse of another with the intent to commit theft") (repealed 2002) (current version at Md. Code Ann., Crim. Law § 6-203 (2002)); Md. Ann. Code art. 27, § 28(e) (2000) (defining storehouse) (repealed 2002) (current version at Md. Code Ann., Crim. Law § 6-201(h) (Supp. 2004)). Because the state statutes cover conduct that does not constitute generic burglary under Taylor, we next examine the state court indictment.

Although Mabrey contends, as he did in the district court, that the state court indictment to which he pled guilty was ambiguous, we disagree. The indictment alleged that Mabrey unlawfully broke and entered into the "storehouse of Woodbridge Elementary School." (JA-I at 26). By defining the storehouse as Woodbridge Elementary School, the indictment charged Mabrey with unlawfully breaking and entering a building. Because the

- 4 -

second-degree burglary conviction satisfied the definition of generic burglary set forth in <u>Taylor</u>, as determined by reference to documents approved in <u>Shepard</u>, we find that the conviction qualified as a violent felony under § 924(e).[2]  Thus, the district court properly designated Mabrey as an armed career criminal.

Next, citing <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), Mabrey contends that sentencing him as an armed career criminal violated his Sixth Amendment rights.  Because Mabrey raised this issue in the district court, we review his claim de novo.  <u>See</u> <u>United States v. Mackins</u>, 315 F.3d 399, 405 (4th Cir. 2003) (stating standard of review).  Mabrey's argument is foreclosed by our decisions in <u>Thompson</u>, __ F.3d at __, 2005 WL 2128957, at *2 n.2, *4, *6 (holding that nature and occasion of offenses are facts inherent in convictions and those facts need not be alleged in indictment or submitted to jury), and <u>United States v. Cheek</u>, 415 F.3d 349, 350 (4th Cir. 2005) (holding that application of armed career criminal enhancement falls within exception for prior convictions where facts were undisputed, making it unnecessary to engage in further fact finding about a prior conviction).  Thus, there is no Sixth Amendment error in this case.

Finally, Mabrey asserts that his sentence violates <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), because the district court

---

[2]Mabrey conceded that he had two other qualifying predicate convictions.

sentenced him under a mandatory Sentencing Guidelines scheme. We have held that treating the Guidelines as mandatory is error under Booker. United States v. White, 405 F.3d 208, 216-17 (4th Cir. 2005). Our review of the record convinces us that there is a nonspeculative basis on which we could conclude that the district court would have sentenced Mabrey to a lower sentence had the court proceeded under an advisory Sentencing Guideline scheme. See id. at 223. Thus, we find that sentencing Mabrey under a mandatory Sentencing Guidelines scheme affected his substantial rights. See id. (noting that substantial rights inquiry under plain or harmless error is the same and that only difference is who bears burden of proof).

Accordingly, we vacate Mabrey's sentence and remand for resentencing.[3] We also affirm Mabrey's conviction. We dispense with oral argument because the facts and legal contentions are

---

[3]Although the Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767 (Breyer, J., opinion of the Court). On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Hughes, 401 F.3d at 546. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005). Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
