**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-5153**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KAMAL MABREY,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (CR-03-511-RDB)

_____

Submitted: April 26, 2006          Decided: June 16, 2006

_____

Before MICHAEL, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James Wyda, Federal Public Defender, John H. Chun, Assistant Federal Public Defender, Baltimore, Maryland; Sherri Keene, Staff Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, John F. Purcell, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kamal Mabrey pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced him as an armed career criminal under 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2005), to 188 months of imprisonment, the bottom of the then-mandatory sentencing guidelines range. We affirmed Mabrey's conviction, vacated his sentence, and remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Mabrey, 150 F. App'x 274 (4th Cir. 2005) (No. 04-5077) ("Mabrey I").

On remand, the district court resentenced Mabrey to a 180-month prison term, the statutory mandatory minimum sentence. Mabrey appeals the sentence imposed on remand, asserting that the district court erred in concluding that his second-degree burglary conviction under Maryland law qualified as a violent felony for purposes of sentencing him as an armed career criminal and that his Sixth Amendment rights were violated because the predicate offenses were neither submitted to a jury nor admitted by him. Mabrey acknowledges, however, that he is precluded from raising these issues in this appeal because he litigated them in Mabrey I.

In Mabrey I, we rejected the claims Mabrey now seeks to raise in this appeal. Thus, we find that Mabrey's claims are barred by the law-of-the-case doctrine and that none of the

exceptions applies. See United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (discussing doctrine and exceptions thereto); see also S. Atl. Ltd. P'ship of Tenn. v. Riese, 356 F.3d 576, 583 (4th Cir. 2004) (discussing mandate rule). Accordingly, we affirm Mabrey's sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED